UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TIFFANY SANDERS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:05-CV-228-TS |
| | ) | |
| BRIAN MARTIN, ERIC KRULL, | ) | |
| KIM SEISS, and THE CITY OF | ) | |
| FORT WAYNE | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

This matter is before the Court on the Defendants', the City of Fort Wayne and Fort Wayne Police Officers Brian Martin, Eric Krull, and Kim Seiss, motion for summary judgment on the Plaintiff's excessive force claims against them. No response has been filed.

**A.      Standard for Summary Judgment**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "In other words, the record must reveal that no reasonable jury could find for the nonmoving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted). After adequate time for discovery, summary judgment must be given against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party may, if it chooses, support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982); *Faulkner v. Baldwin Piano & Organ Co.*, 561 F.2d 677, 683 (7th Cir. 1977).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Federal Rule of Civil Procedure 56(e) establishes that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 248–50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than

raise some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Juarez v. Ameritech Mobile Commc'ns, Inc.*, 957 F.2d 317, 322 (7th Cir. 1992). Only material facts will preclude summary judgment; irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. *Anderson*, 477 U.S. at 248–49. If there is no genuine issue of material fact, the only question is whether the moving party is entitled to judgment as a matter of law. *Miranda v. Wisc. Power & Light Co.*, 91 F.3d 1011, 1014 (7th Cir. 1996).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994); *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249–50; *Doe*, 42 F.3d at 443.

**B.     Undisputed Facts**

The Plaintiff has submitted no evidence to support her claim. Therefore, the Court accepts as true facts taken from the Defendants' submitted evidence.

Brian Martin stated in his affidavit that on March 19, 2004, he assisted with the execution of a search warrant for 2555 Euclid Avenue, Fort Wayne. The residence was suspected of being a drug house. Martin rode in the front passenger seat of a white van. Other officers rode in a blue van. A white vehicle was parked in front of the residence. The blue police van arrived at the

3

residence and parked in front of the white vehicle, and the white police van parked behind the white vehicle. Martin observed two people leave the house and get into the white vehicle. The white vehicle then backed up, ramming the front of the white police van. Martin believed that the individuals in the vehicle were a threat or that they were attempting to flee. This belief was based on the facts that the officers were raiding what was suspected to be a drug house, and occupants of the house rammed their vehicle into the van. Martin exited the van and approached the passenger side of the white vehicle. He ordered the front seat passenger—the Plaintiff, Tiffany Sanders—to exit the vehicle and lay face down on the ground with her hands visible. The Plaintiff complied. After complying, she said she was pregnant, and Martin immediately allowed her to sit up. Martin did not know she was pregnant until the Plaintiff told him. At no time did the Plaintiff complain of pain or appear to be in pain.

  Kimberly Seiss stated in her affidavit that on March 19, 2004, she arrived at 2555 Euclid Avenue to assist in the execution of a search warrant. She had no physical contact with the Plaintiff and did not arrest the Plaintiff.

  Eric Krull stated in his affidavit that on March 19, 2004, he arrived at 2555 Euclid Avenue to assist in the execution of a search warrant. He had no physical contact with the Plaintiff. He observed the white vehicle ram the white police van. He saw Martin standing near the Plaintiff while the Plaintiff was laying on the ground. He heard the Plaintiff state she was pregnant. Immediately Martin let her sit up. At no time did he hear the Plaintiff complain of pain or appear to be in pain.

  According to the portions of the Plaintiff's deposition submitted into evidence, the Plaintiff went to the residence at 2555 Euclid with her mother and brother. On the way to the

location, her mother used marijuana. When the Plaintiff was on the ground, she was not handcuffed. The Plaintiff states she followed the officer's verbal requests. The Plaintiff suffered no cuts, bruises, or abrasions on March 19, 2004. After being arrested, she spent about four hours in jail. She did not complain of pain to anyone at the jail. She did not request any type of medical treatment while in jail. She had no expenses due to the incident.

At the time of the incident, the Plaintiff was about seven months into her pregnancy, with due date at May 25, 2004. She delivered a baby boy on May 14, 2004. When he was born, he was blue and was given oxygen. After that, he was fine, except he has a purple and blue circle that sometimes appears on his head for which his doctors have not found a cause.

**C.     Analysis**

"[T]he Fourth Amendment prohibits the use of excessive force during the execution of a seizure." *Jacobs v. City of Chi.*, 215 F.3d 758, 773 (7th Cir. 2000). Judging from the perspective of a reasonable officer present on the scene, if an officer's actions were "'objectively reasonable' in light of the facts and circumstances confronting them," the actions do not constitute excessive force. *Graham v. Connor*, 490 U.S. 386, 397 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id.* at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). A court must look to the following factors when determining whether the amount of force used is reasonable: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether

he is actively resisting arrest or attempting to evade arrest by flight." *Payne v. Pauley*, 337 F.3d 767 (7th Cir. 2003).

An officer who fails to prevent other law enforcement officers from violating the constitutional rights of citizens can be held liable under § 1983 if that officer had reason to know: "(1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Chavez v. Ill. State Police*, 251 F.3d 612, 652 (7th Cir. 2001). "In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation." *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). "[A] 'realistic opportunity to intervene' may exist whenever an officer could have 'called for a backup, called for help, or at least cautioned [the excessive force defendant] to stop.'" *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005) (quoting *Yang v. Hardin*, 37 F.3d 282 (7th Cir. 1994)).

The facts before the Court show that the Defendants acted reasonably in detaining the Plaintiff. The government interests at stake were executing the search warrant, protecting the officers' safety, and enforcing the law. The officers were at 2555 Euclid Avenue to serve a search warrant. Their van was rammed by the vehicle the Plaintiff was in. Under these circumstances, a reasonable officer in Martin's position would be justified in ordering the occupants of the car to exit the vehicle and get onto the ground. There is no evidence that Martin was aware the Plaintiff was pregnant when he ordered her onto the ground. There is no evidence in the record to suggest the Plaintiff's condition was obvious or that Martin was in a position to observe the fact that the Plaintiff was pregnant. Because of the intense and risky circumstances,

it could have reasonably been overlooked. As soon as Martin was made aware that the Plaintiff was pregnant, he allowed her to sit up. Martin's actions were objectively reasonable in light of the circumstances he faced. There was no violation of the Plaintiff's Fourth Amendment rights.

Because there was no violation of the Plaintiff's constitutional rights, the other Defendants are not liable for failing to intervene.

**ORDER**

For the reasons stated, the Defendants' motion for summary judgment [DE 35] is GRANTED. The Clerk will enter judgment for the Defendants and against the Plaintiff. Parties are to bear their own costs.

SO ORDERED on June 1, 2007.

　　　　　　　　　　　　　　　　　　　　/s/ Theresa L. Springmann
　　　　　　　　　　　　　　　　　　THERESA L. SPRINGMANN
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT